## McQUAY–NORRIS MFG. CO. v. NATIONAL LABOR RELATIONS BOARD.
### No. 7269.

Circuit Court of Appeals, Seventh Circuit.
May 22, 1941.

Barnes, Hickam, Pantzer & Boyd and Paul Y. Davis, all of Indianapolis, Ind. (Kurt F. Pantzer, Alan W. Boyd, and Frederic D. Anderson, all of Indianapolis, Ind., of counsel), for petitioner.

Robert B. Watts, Gen. Counsel, NLRB, of Washington, D. C., I. S. Dorfman, NLRB, of Chicago, Ill., and Gerhard P. Van Arkel, NLRB, of Washington, D. C., for respondent.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

## PER CURIAM.

This case was before us on a petition to review and set aside an order issued by the National Labor Relations Board. An opinion was filed December 23, 1940, sustaining the Board's order. 7 Cir., 116 F.2d 748. On January 16, 1941, an enforcement decree was entered. On April 10, 1941, a motion was filed to modify the decree which was denied April 14, 1941. On March 21, 1941, petitioner filed in the Supreme Court of the United States its petition for a writ of certiorari, which was pending at the time the motion to modify the decree was denied. Subsequently, the petition for certiorari was denied, 61 S.Ct. 843, 85 L.Ed. ——, and on May 2, 1941, petitioner filed another petition requesting reconsideration of our denial of motion to modify the decree.

As the opinion of this court discloses, the only unfair labor practice charged and found by the Board, which finding was affirmed by this court, was that petitioner refused to grant exclusive recognition to a certain union which, it was conceded, had a majority of the employees in an appropriate unit. Petitioner had granted a limited recognition to this union—that is, it had recognized the union as a bargaining agent for its members only. We held that the limited recognition was not in compliance with the Labor Act, 29 U.S.C.A. § 151 et seq., and that such recognition amounted to an unfair labor practice.

■ The decree entered heretofore, after directing the petitioner to cease and desist from refusing to bargain with the designated union as exclusive representative of the employees of the appropriate union, contains Paragraph (b), as follows: "In any other manner interfering with, restraining, or coercing its employees in the exercise of the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection as guaranteed in Section 7 of the Act [29 U.S.C.A. § 157]." Petitioner

contends that this paragraph should be eliminated from the decree under the authority of National Labor Relations Board v. Express Publishing Company, decided by the Supreme Court March 3, 1941, 61 S.Ct. 693, 85 L.Ed. ——. There is no escape from the conclusion that the contention is sound. The Express Company case is squarely in point.

■ We have given thought to the question of our power to modify the decree under the circumstances presented, even though the question has not been raised. Inasmuch as the decree is, in effect, a continuing injunction, we are of the opinion that the power exists. United States v. Swift & Company, 286 U.S. 106, 114, 52 S.Ct. 460, 76 L.Ed. 999.

Therefore, the decree entered heretofore in this matter is modified by eliminating from the cease and desist portion thereof, Paragraph (b) above set forth.