## SOLVAY PROCESS CO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 9519.

Circuit Court of Appeals, Fifth Circuit.

Oct. 7, 1941.

Edmund M. Preston and T. Justin Moore, both of Richmond, Va., C. V. Porter and Victor A. Sachse, both of Baton Rouge, La., and Monte M. Lemann and J. Blanc Monroe, both of New Orleans, La., for petitioner.

Robert B. Watts, Gen. Counsel, National Labor Relations Board, and Lewis M. Gill, Atty., National Labor Relations Board, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

In the above numbered and entitled cause the National Labor Relations Board, at the request of the National Defense Mediation Board, has petitioned us to clarify and interpret the decree entered herein on March 27, 1941, particularly paragraph 2(b), which is as follows: "2(b) Upon request, bargain collectively with Oil Workers' International Union, Local No. 424, as the exclusive representative of all the employees at the respondent's Baton Rouge, Louisiana, plant, exclusive of clerical and supervisory employees, laboratory employees, gatemen, brine-well employees, and mill, water, and wharf employees, in respect to rates of pay, wages, hours of work, and other conditions of employment, provided, however, that the Solvay Process Company or any labor organization at its Baton Rouge, Louisiana, plant other than Solvay Employees Council may petition the Board for a certification of representatives, in which event the Company may abide the decision of the Board and comply with any supplemental order to enforce certification by the Board, in lieu of bargaining collectively with Oil Workers' International Union, Local No. 424, as herein ordered";

The request, so far as this court is concerned, is without precedent, but in view of the present situation regarding national defense and the peculiar facts of the case, we have decided to entertain the request. However, this action is not to be considered as a precedent for other cases in the future. The pleadings before us show the Solvay Company is engaged in important defense work. A strike of any considerable magnitude would seriously interfere with this work and would adversely affect the welfare of the public and the government of the United States.

It also appears from the pleadings that the Chemical Workers' Union No. 22609, American Federation of Labor, is claiming that the members of that local constitute a majority of the employees of the Solvay Process Co. That union objects to the company entering into an agreement with the Oil Workers' International Union No. 424 until that question is decided, and had petitioned the National Labor Relations Board to call an election to determine which labor organization should be designated as representing all the employees as the bargaining agent with the Solvay Process Co. That petition was dismissed by the Board.

In interpreting the decree we hold that the Solvay Process Co. is obligated to negotiate with the Oil Workers' International Union No. 424, affiliated with the Committee for Industrial Organization, without waiting for an election, and that the proviso of section 2(b) does not create a condition precedent to the taking effect of that part of said subsection.

We consider that patriotism in the emergency should override any factional differences between labor organizations and the Board should act promptly on a petition hereafter filed by a labor union or the Company and fully consider and determine the merits, and call an election within the shortest possible period within which it may be effectively held.

HOLMES, Circuit Judge (specially concurring).

I concur except as to that part of the opinion which says that the proviso to paragraph (b) of part 2 of the decree does not amend or restrict the balance of said paragraph.

The Board's construction of our decree seems to have been that it was not required to act on any petition for a cer-

tification of representatives until the bargaining between Solvay Process Company and Local No. 424 had begun. This interpretation seems to me to be erroneous.

The above proviso plainly says that the Company may abide the decision of the Board (which means may await said decision) and comply with any supplemental order to enforce certification by the Board, "in lieu of bargaining collectively" with said Local No. 424. The Board has made no supplemental order, and has refused to act on two petitions filed with it under said proviso except to dismiss them summarily without a hearing on the merits of either of them.

In view of such action, the proviso permits the Company to continue to await the decision of the Board on the merits of said petitions and to "comply with any supplemental order by the Board, in lieu of bargaining collectively" with said Local No. 424.