## J. GREENEBAUM TANNING CO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 7922.

Circuit Court of Appeals, Seventh Circuit.
July 3, 1942.

Leon B. Lamfrom and A. J. Engelhard, both of Milwaukee, Wis., for petitioner.

A. Norman Somers and Robert B. Watts, N.L.R.B., both of Washington, D. C., Ernest A. Gross, Gerhard P. Van Arkel, and David Rein, all of Washington, D. C., for respondent.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

The question for decision in the instant matter arises on respondent's motion to dismiss a petition filed by petitioner April 3, 1942, entitled "Petition for Construction of Consent Decree."

The decree sought to be construed was entered by this court on January 26, 1942, in Cause No. 7922, entitled "National Labor Relations Board v. J. Greenebaum Tanning Company," and provided, so far as here material, that petitioner should not—

"(a) Dominate or interfere with the administration of certain specifically named unions, 'or with the formation or administration of any other labor organization of its employees.'

"(b) Contribute financial or other support to certain specifically named unions, 'or any other labor organization of its employees.'

"(c) In any manner interfere with, restrain or coerce its employees in the exercise of the right of self-organization, to form, join or assist labor organizations, etc., as guaranteed in Section 7 of the Act."

The petition, in substance, alleges that about two months after the entry of the decree, on hearing that some of its employees were engaged in organizational work and the solicitation of membership in a labor union on petitioner's premises, petitioner, in order to put a stop to such activities, posted notices at its plant calling

attention to the existence of a shop rule against the "solicitation, organization or canvassing of employees on the company's premises, or the holding of any meetings on the company's premises unless called by the company, or approved by it in writing, is prohibited." The employees were warned that a violation of this rule would be followed by disciplinary action.

The petition further alleges that the Regional Director for the Twelfth Region of the Board demanded that petitioner cease threatening to enforce said rule on pain of being denounced to the Board as a violator of said consent decree, with the intent and purpose of having the Board institute contempt proceedings or other action.

It further alleges that the said Regional Director has warned petitioner enforcement of said rule would constitute a violation of the consent decree in that it prohibits solicitation of membership on petitioner's premises during times when the employees were not actually at work, and would be an interference with the rights of the employees as guaranteed in Section 7 of the Act, 29 U.S.C.A. § 157.

The petition contains allegations designed to show the good faith of petitioner in its effort to comply wih the consent decree, and points out that the action of the said Regional Director has made it uncertain as to petitioner's duty and obligation in the matter; that petitioner does not know whether its failure to enforce the said shop rule will constitute a violation of the consent decree or whether petitioner's active enforcement of the same will constitute a violation.

The petition concludes with a prayer that "in order that your petitioner may in truth and in fact know its duty under the said consent decree of this court, this court construe and clarify the said consent decree and direct petitioner as to its duty with regard to the enforcement or non-enforcement of the said shop rule."

The motion to dismiss raises two principal issues—(1) that we are without jurisdiction or authority to grant the relief sought, and (2) even so, our authority should not be exercised. On the first issue petitioner argues in favor of our authority and cites cases where a modification or construction of a decree, such as here involved, has been permitted. Among such cases is Stewart Die Casting Corporation v. N.L.R.B., 129 F.2d 481, decided by this

court June 5, 1942. That case, however, has little, if any, relevancy to the instant situation. Following what we thought was the rule announced in United States v. Swift & Company, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999, we decided that we had the authority, at a subsequent term of court, to "modify any part of a decree which has become inapplicable by reason of changed conditions and circumstances arising subsequent to its entry." We cited as an illustration the case where a company was ordered to bargain with a specific union which subsequently became nonexistent. Under such a situation, we recognized that the decree could be modified to meet such altered situation.

Inasmuch as the instant petition was filed during the same term as the consent decree, we think there is no question concerning our authority to modify. The weakness of petitioner's position in the instant case, however, is the fallacious premise that it is seeking a modification or interpretation of our decree. A mere reading of the portion quoted heretofore discloses that it is clear and unambiguous. Words are employed which have become common parlance in labor board cases. As the petition, and especially the prayer for relief, clearly disclose, it is not a modification or clarification of the language employed in the decree which is sought, but rather a judicial declaration as to whether the facts stated in the petition constitute a violation. This is evident from the fact that petitioner fails to suggest any of the language of the decree which should be changed.

We know of no law which confers upon us the authority, under the guise of modification or interpretation, to advise an employer as to whether or not his activities constitute a violation of a decree. In fact, we think we have no more authority in this respect than we would have to advise him before decree as to whether or not his conduct was in violation of the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. In support of our authority, petitioner cites a number of other cases, including McQuay-Norris Company v. N.L.R.B., 7 Cir., 119 F.2d 1009, Solvay Process Co. v. N.L.R.B., 5 Cir., 122 F.2d 993, and N.L.R.B. v. Stackpole Carbon Company, 128 F.2d 188, decided April 30, 1942, by the Third Circuit Court of Appeals. In the McQuay-Norris case, this court permitted the modifica-

tion of a decree by eliminating a provision which the Supreme Court had held to be invalid. Whatever may be said of that holding, it has no application here. In the Solvay Process case, the court permitted what was termed a clarification of its decree as to a provision which required the company to bargain with a certain union. The opinion appears to have been predicated upon a patriotic impulse rather than any legal principle. In the Stackpole Carbon Company case, the company had been ordered to pay back wages to a number of employees, and the amount was deposited with a trustee for that purpose. A dispute arose as to the distribution of the deposit and, upon the request of the Board, in which all the interested parties appear to have joined, the court decided the dispute concerning distribution on the theory that the deposit had been made as a result of its decree and it acted to effectuate its decree. As will be observed, none of these cases furnishes any support for the theory that we are vested with authority to grant the relief sought.

Furthermore, assuming that we have such authority, we do not think it should be exercised in the instant situation. In so concluding, we are not unmindful of the annoying situation with which petitioner is confronted according to the allegations of its petition. Assuming that petitioner is in good faith (there is nothing to indicate to the contrary) in its effort to comply with the consent decree and in desiring the information it now seeks, we are unable to perceive how any declaration which we might make could possibly be of benefit. That such is the case is shown by the frank statement appearing in petitioner's brief. Referring to petitioner, it is stated:

" * * * It is not asking this Court to prohibit the Board from instituting contempt proceedings for the acts admitted by this petitioner in its petition. It is not asking this Court to indicate whether this petitioner has been guilty of contempt or not. The petitioner is merely requesting this Court to exercise its inherent and exclusive judicial power to state authoritatively and without binding force on the parties to the decree, the Court's interpretation and construction of the decree whether enforcement of Shop Rule 22 is obligatory upon the petitioner."

In other words, according to this statement with which we agree, any action which we might take, whether it be called an interpretation or construction of the decree, or a declaration of right, would be without binding force on the parties. Petitioner, so far as anything we might say, would still be subject to threats by the Regional Director, or a contempt proceeding by the Board. For us to modify or construe a decree, or to make a declaration of rights, which admittedly would be without force or effect, would constitute nothing more than a useless and idle gesture. To grant petitioner's prayer would, in our judgment, set a precedent calculated to confuse rather than enlighten, and, as stated, without serving any useful purpose. For instance, if we should decide whether petitioner should or should not post the said shop notices in order to comply with the decree, we see no reason why next week petitioner could not just as well petition for an opinion as to whether or not the giving of a picnic to employees at petitioner's expense was in conformity with the decree. Thus, there would be no end to controversies on which we might be requested to express an opinion.

In our judgment the Labor Act does not contemplate that the courts function in such a manner. However disturbing the situation may be to petitioner's state of mind, as well as its sincere desire to comply with the decree, there appears little, if any, doubt but that the Act contemplates the Board, and it alone, as the agency empowered to investigate, prefer charges when and if it sees fit, and to carry on the prosecution of such charges. That this is so after decree, as well as before, was decided in Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, on page 270, 60 S.Ct. 561, on page 565, 84 L.Ed. 738, wherein the court said:

" * * * If the decree of enforcement is disobeyed, the unfair labor practice is still not prevented. The Board still remains as the sole authority to secure that prevention. The appropriate procedure to that end is to ask the court to punish the violation of its decree as a contempt. * * *"

Therefore we conclude we are without authority in the matter, but even though we be mistaken as to this, we are further of the opinion that the exercise of such authority would serve no good purpose. Respondent's motion to dismiss the petition is therefore allowed.