721 F.2d 187
 114 L.R.R.M. (BNA) 3437, 99 Lab.Cas. P 10,544
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
Local 449, International Brotherhood of Boilermakers, Iron
Shipbuilders, Blacksmiths, Forgers & Helpers,
AFL-CIO, Intervening-Petitioner,
v.
BAY SHIPBUILDING CORPORATION, Respondent.
 No. 83-1231.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 21, 1983.
Decided Nov. 9, 1983.
 
 Ralph C. Simpson, NLRB, Washington, D.C., for Elliott Moore and N.L.R.B.
 Kenneth R. Loebel, Habush, Habush & David, S.C., Milwaukee, Wis., for intervening-petitioner.
 Walter S. Davis, Davis, Kuelthau, Vergeront, Stover, Werner & Goodland, S.C., Milwaukee, Wis., for respondent.
 Before ESCHBACH and POSNER, Circuit Judges, and SWYGERT, Senior Circuit Judge.
 SWYGERT, Senior Circuit Judge.
 
 
 1
 The National Labor Relations Board (the "Board") seeks enforcement of an order issued on September 17, 1982, reported at 263 N.L.R.B. No. 166. The Board affirmed the Administrative Law Judge's holding that Bay Shipbuilding Corporation ("Bay Shipbuilding") had violated sections 8(a)(5) and (1) of the National Labor Relations Act, as amended, 29 U.S.C. Secs. 151, et seq. (the "Act"), by (1) refusing to recognize and bargain with Local 449, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, AFL-CIO ("the Union"), as the exclusive bargaining representative of all employees in the bargaining unit described in their current bargaining agreement, and (2) refusing to apply the terms and conditions of the collective bargaining agreement to computer lofting employees. We grant the Board's petition for enforcement.
 
 
 2
 * Bay Shipbuilding and the Union were parties to a collective bargaining agreement under which the company recognized the Union as the sole bargaining agent "for all production and maintenance employees" under the Union's jurisdiction, excluding "watchpersons, supervisors, office workers, draftspersons, guards and office janitors." For many years, both parties regarded "the loft department" as part of the bargaining unit represented by the Union. With the introduction of a computerized lofting system in 1980, however, Bay Shipbuilding created a new department entitled "Manufacturing Engineering Services" and determined that the employees who would operate the new computer lofting equipment in this department should not be in the bargaining unit represented by the Union. Since April 1980, Bay Shipbuilding has not recognized the Union as the collective bargaining representative for the computer lofting employees, has conditioned the assignment of manual lofting employees to computer lofting on the employees' willingness to abandon the Union and has designated and treated computer lofting employees as non-unit office workers. The Union has continually insisted that all lofting employees are part of the bargaining unit regardless of whether they perform their work manually or with computers.[1]
 
 
 3
 Lofting is a skilled job that involves using information about the actual dimensions of a ship to be built and, part by part, determining the shape each three-dimensional piece would have if laid flat. When the manual process is utilized, the loftsmen use blueprints and tables-of-lines-and-offsets to draw three different full-size views of a ship part, from which they then make a template out of wood or plastic. Once the templates are made, the manual loftsmen "nest" the pieces, which requires laying out the templates efficiently on a piece of flat steel so as to minimize any waste when parts are cut out in the burn shop. The burn shop employees then follow the templates in cutting out the parts. When a computerized process is utilized, the loftsmen use the blueprints and tables-of-lines-and-offsets to write a manuscript, which is a set or orders in numerical code, telling the computer the shape of the desired part. The part then can be nested by computer rather than by physically aligning the templates. Ultimately, computer instructions are fed electronically into advanced burning equipment so that the desired part can be cut from steel stock without the use of templates.
 
 
 4
 Manual lofting and computer lofting both require a basic education in mathematics, geometry, blueprint reading, and welding technology. All loftsmen assigned to the new computer lofting department from July 1980 to February 1981 had previously worked in Bay Shipbuilding's manual lofting department. The computer lofting department is under the ultimate supervision of the production manager, and all loftsmen have the same direct supervisor. Since computer lofting was established, there has also been substantial interaction between computer loftsmen and manual loftsmen; joint tasks result in almost daily contact between manual and computer lofting employees.
 
 
 5
 Based on the similarities between the work performed by manual loftsmen and computer loftsmen and on the additional factors discussed above, the Administrative Law Judge concluded that the bargaining unit existing before computer lofting was introduced, including all employees performing lofting functions, is still a viable unit. Because computer lofting employees are properly included in the bargaining unit, Bay Shipbuilding's failure to recognize the Union as the bargaining representative for all unit employees, and its refusal to apply the terms and conditions of the collective bargaining agreement to computer lofting employees were held to violate sections 8(a)(5) and (1) of the Act.
 
 
 6
 The Administrative Law Judge rejected the company's contention that it had a right to designate the new department as "non-unit" either under case law or under the terms of the collective bargaining agreement. The Judge also found, contrary to Bay Shipbuilding's position, that the Union had not waived its right to represent all unit employees, and that the policies of the Act did not preclude the Union from filing an unfair labor practice charge when unit clarification or arbitration could have been pursued. The Board affirmed the above rulings, findings, and conclusions, but revised the remedial order to make whole all unit employees for any losses resulting from Bay Shipbuilding's misconduct.
 
 II
 
 7
 Sections 8(a)(5) and (1) of the Act require an employer to bargain only with the representatives of an appropriate bargaining unit. May Dept. Stores Co. v. NLRB, 326 U.S. 376, 66 S.Ct. 203, 90 L.Ed. 145 (1945); Smith Steel Workers v. A.O. Smith Corp., 420 F.2d 1 (7th Cir.1969). Conversely, if the bargaining unit is appropriate, the Act requires an employer to recognize and bargain with the union as the exclusive representative of all employees in the unit. Hess Oil & Chemical Corp. v. NLRB, 415 F.2d 440 (5th Cir.1969); McQuay-Norris Mfg. Co. v. NLRB, 116 F.2d 748 (7th Cir.), cert. denied, 313 U.S. 565, 61 S.Ct. 843, 85 L.Ed. 1524 (1940). This obligation does not expire automatically when technological innovations affect the jobs of some of the employees in the unit. Rather the employer's obligations depend on whether the changes in job structure are so significant that the existing bargaining unit, including the affected employees, is no longer appropriate. See generally Newspaper Printing Corp. v. NLRB, 625 F.2d 956, 962-65 (10th Cir.1980); Metromedia, Inc., KMBC-TV v. NLRB, 586 F.2d 1182, 1191-92 (8th Cir.1978); Graphic Arts Int'l Union, AFL-CIO v. NLRB, 505 F.2d 335 (D.C.Cir.1974); NLRB v. Columbia Tribune Publishing Co., 495 F.2d 1384, 1385-91 (8th Cir.1974).
 
 
 8
 In this case the Board determined that a production and maintenance unit including the computer lofting employees is an appropriate bargaining unit. The factors considered in making this determination--the similarity of jobs and functions performed by employees, organizational structure, common supervision, and interchange between employees--were not arbitrary or capricious. See Lammert Industries v. NLRB, 578 F.2d 1223 (7th Cir.1978); Smith Steel Workers v. A.O. Smith Corp., 420 F.2d 1, 11 (7th Cir.1969); NLRB v. Krieger-Ragsdale & Co., 379 F.2d 517 (7th Cir.1967). They are consistent with the broader community of interest principle that guides the Board's discretion in judging the appropriateness of a particular bargaining unit. Nor were the Board's findings of fact unsupported by substantial evidence. See Kendall College v. NLRB, 570 F.2d 216 (7th Cir.1978).
 
 
 9
 We therefore do not agree with Bay Shipbuilding's assertion that computer lofting employees should be excluded from the unit because they are located in an office and do not perform the same work as manual loftsmen. Although the computer loftsmen may be office workers in the literal sense, community of interest factors rather than strict definitions are the proper benchmarks for making unit determinations. See NLRB v. Big Three Industries, Inc., 602 F.2d 898 (9th Cir.1979). Nor do we agree with the suggestion that the Board's clarification of the unit was otherwise arbitrary or improper. The circumstances of this case, unlike those of the cases on which Bay Shipbuilding relies, do not raise an issue of representation requiring resolution through election procedures. See Graphic Arts Int'l Union, AFL-CIO v. NLRB, 505 F.2d 335 (D.C.Cir.1975); Scrantonian Publishing Co., Inc., 215 N.L.R.B. 296 (1974). The computer loftsmen had always been part of the unit while working as manual loftsmen, and no other union claims that it represents them. Clarification of the unit through the unfair labor practice proceeding was therefore entirely proper. See Metromedia, Inc., KMBC-TV v. NLRB, 586 F.2d 1182, 1191-92 (8th Cir.1978).
 
 
 10
 Because we refuse to disturb the Board's unit determination, we now turn to the Board's ruling that Bay Shipbuilding's conduct constitutes an unfair labor practice. The evidence clearly supports the Board's conclusion that Bay Shipbuilding not only failed to recognize the Union as the collective bargaining representative of the computer lofting employees, but also failed to apply the terms and conditions of the collective bargaining agreement to computer lofting employees. Bay Shipbuilding defends its failure to recognize the Union, however, by asserting that the "Rights of Management" clause of the collective bargaining agreement with the Union gave it the right to designate the computer lofting department "non-unit." Alternatively, Bay Shipbuilding contends that even if it had bargaining obligations, the Board erred by not requiring the Union to institute an arbitration proceeding to resolve this dispute and by finding that the Union had not waived its bargaining rights.
 
 
 11
 While the "Rights of Management" clause of the agreement includes the right to introduce new production methods and establish new departments, it does not include the right to designate the bargaining unit status of new departments or to modify existing bargaining units. The contractual right to transfer employees to positions outside the unit also does not come into play in this case--the transfer of employees was to unit positions. In addition, Bay Shipbuilding is not free to alter the composition of the bargaining unit under the guise of a transfer of unit work. Newspaper Printing Corp. v. NLRB, 625 F.2d 956 (10th Cir.1980); Newport News Shipbuilding & Dry Dock Co. v. NLRB, 602 F.2d 73 (4th Cir.1979).
 
 
 12
 We find Bay Shipbuilding's remaining contentions to be equally without merit. The availability of arbitration procedures does not oblige the Board to refrain from exercising its statutory authority. NLRB v. Strong, 393 U.S. 357, 360-61, 89 S.Ct. 541, 544-45, 21 L.Ed.2d 546 (1969). Nor did the Union waive its right to recognition or bargaining on behalf of the computer lofting employees. See Metromedia, supra, 586 F.2d at 1189; Murphy Diesel Co. v. NLRB, 454 F.2d 303, 307 (7th Cir.1971). The Union objected to Bay Shipbuilding's unilateral decision to make the new computer lofting department a non-unit department upon learning of it and continues to object to the decision.
 
 III
 
 13
 For the reasons stated above, enforcement of the Board's order is granted.
 
 
 
 [1]
 Bay Shipbuilding does not dispute the bargaining unit status of the employees who still perform manual lofting work