Belknap,
June 7, 1921.

### EDWIN P. THOMPSON, *Adm'r,* v. JOSEPH P. MORIN & a.

The deposition of a witness may be contradicted as to a material matter by a statement signed by him out of court; and it is not necessary to lay a foundation for such contradiction by inquiring of the witness whether he made the statement; if such statement contains no material contradiction, it should be excluded, but its admission is harmless error.

ASSUMPSIT, for goods sold. Trial by jury and verdict for the defendant. The plaintiff put in evidence the deposition of one Greet. Subject to exception the defendants upon proof of Greet's signature were permitted to introduce as evidence a statement purporting to be signed by him which they claimed contradicted the deposition in a material matter. Transferred from the March term, 1920, of the superior court by *Marble*, J.

*Jewett & Jewett* and *Owen & Veazey*, for the plaintiff.

*Cox & Fowler, Nathaniel E. Martin* and *Charles B. Hibbard*, for the defendants.

PARSONS, C. J. "It is competent for a party to impeach the testimony of a witness by proof of his declarations out of court which are inconsistent with his testimony as to material matters. . . . In this state it is not necessary to lay a foundation for such evidence

by inquiring of the witness upon cross-examination whether he has made the declarations of which it is proposed to offer proof." *Villineuve* v. *Railway*, 73 N. H. 250, 251; *Tabor* v. *Judd*, 62 N. H. 288, 292. The decision in *Villineuve* v. *Railway, supra,* is not authority for the proposition that a written statement cannot be put in evidence unless its authenticity is admitted by the witness. The holding was that the witness could not be cross-examined about the statement until it was proved by the admission of the witness or other evidence. The plaintiff contends that the statement did not contradict the deposition. Whether it did or not was for the jury. If it was clear there was no contradiction, the statement should have been excluded as immaterial. If the tendency to contradict was so slight that the presiding judge might have excluded the evidence as tending to confuse rather than to aid the jury, *i. e.* as too remote, its admission violated no rule of law. If it had any tendency to contradict the witness in a material matter it was legally competent. If it had none, its admission was harmless. *Monroe* v. *Company,* 68 N. H. 89, 91, 92.

If the plaintiff was surprised by the offer of the evidence, his remedy was an application to the trial court for relief. The fact that at a previous trial the statement was before the jury was evidence upon which the fact as to surprise could properly have been found against the plaintiff, if such issue was presented to the trial court.

*Exception overruled.*

All concurred.