CALIFORNIA PRODUCTS, INCORPORATED, ET AL v.
PURETEX LEMON JUICE, INCORPORATED.

No. A-7421. Decided March 23, 1960.
Rehearing Overruled May 18, 1960.
(334 S.W. 2d Series 780)

*Robert H. Kern, Jr.*, of McAllen, *James & Conner* and *Allen B. Conner*, of Fort Worth, for petitioners.

*Strickland, Wilkins, Hall & Mills* and *J. E. Wilkins*, of Mission, for respondents.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Petitioners herein, hereafter called plaintiffs, filed this suit in the 107th District Court of Willacy County, Texas, against respondent herein, hereafter called defendant, seeking a declaratory judgment to determine whether or not a certain bottle in which plaintiffs expected to sell lemon and lime juice would violate a judgment of the 107th District Court entered June 3, 1952. The prior suit in the 107th District Court was between the same parties, except petitioners herein were defendants and respondent herein was plaintiff. In the first suit between the parties, Puretex, as plaintiff, recovered a permanent injunction against California Products and Davis prohibiting them from marketing their lemon and lime juice in bottles which resembled in appearance the bottles used by plaintiff. This judgment was an agreed judgment and there was no appeal taken from it and it became final. After the entry of the above decree, petitioner files this declaratory judgment suit.

Trial was had before a jury and two special issues were answered by the jury. The first issue asked the jury to find from a preponderance of the evidence whether plaintiff planned to have bottles made of the kind set out in a blueprint introduced in evidence, such bottles to be used as containers in which to market its lemon and lime juice. The jury answered this issue in the affirmative which was favorable to the plaintiff. The second issue asked the jury to find from a preponderance of the

evidence whether the bottle and its markings which plaintiff proposed to use to market its lemon and lime juice "will not so closely resemble in appearance the bottle of the defendant and its markings as to be liable to deceive a reasonably prudent buyer, exercising such ordinary care and observation as shoppers generally may be expected to use so as to mislead such buyer into believing that this bottle contains Puretex lemon or lime juice." The jury answered, "It will not be likely to deceive." On this verdict, the court rendered judgment for plaintiff-California Products, Inc. The judgment entered by the trial court reads, in part, as follows:

"That the terms of the agreed judgment entered by this Court on June 3, 1952, in Cause No. 1860, entitled Puretex Lemon Juice, Inc. v. California Products, Inc., and Charles H. Davis, properly construed, do not prohibit the use by Plaintiffs herein, in the marketing of lemon and lime juices, of a bottle resembling the said bottle of Defendant in any respect whatsoever, but the purport and meaning thereof is to prevent the use by Plaintiffs of a bottle so resembling in appearance that of Defendant's bottle as to be calculated to mislead and deceive the buying public, and;

"That the use by Plaintiff, California Products, Inc. of its proposed bottle, above described in the marketing of its lemon and lime juices will not be violative of, or inconsistent with, the injunction issued by this Court in said Cause No. 1860."

Defendant appealed to the Court of Civil Appeals. That Court reversed and rendered denying plaintiff any relief. The basis for the opinion of the Court of Civil Appeals was (1) plaintiffs had shown no justiciable interest, and were only seeking an advisory opinion from the Court and (2) the trial court had no right to modify and change the terms of the judgment entered some five years in the past. 324 S.W. 2d 449.

We granted the petition for writ of error on plaintiffs' first point. This asserted error by the Court of Civil Appeals in holding there was not an actual, real, or bona fide controversy between the parties. Petitioners-plaintiffs also have points on the error of the Court of Civil Appeals in holding that the trial court had no right to modify and change the terms of the previous judgment.

All parties agree that there must be a justiciable controversy between the parties before a declaratory judgment action

will lie. That is well settled law. Board of Water Engineers v. City of San Antonio, 1955, 155 Texas 111, 283 S.W. 2d 722(1); Parks v. Francis, Texas Civ. App., 1947, 202 S.W. 2d 683(5), no writ history; Southern Traffic Bureau v. Thompson, Texas Civ. App., 1950, 232 S.W. 2d 742(10), ref., n.r.e.; Anderson, *Declaratory Judgments,* 2d Ed., Vol. 1, p. 38, section 9; 16 Am. Jur. 282, section 9; Hodges, *General Survey of the Uniform Declaratory Judgments Act in Texas,* Vernon's Texas Civil Statutes, Vol. 8, p. VII. The Court of Civil Appeals has cited and discussed some additional authorities and we will not repeat them.

"The rule with respect to the necessity for a justiciable controversy may be stated in the vernacular in this wise: The Uniform Declaratory Judgments Act does not license litigants to fish in judicial ponds for legal advice." Anderson, *Declaratory Judgments,* 2d. Ed., Vol. 1, p. 47, quoting from Lide v. Mears, 231 N.C. 111, 56 S.E. 2d 404.

The case nearest in point to the case at bar which we have been able to find is the case of Ladner v. Siegel, 294 Pa. 368, 114 Atl. 274, (1928). Plaintiffs Ladners owned certain residences on land purchased from defendant Siegel. On the remaining land adjoining plaintiffs' residences, Siegel proposed to erect a shopping center. One of the buildings was to be occupied by a garage operated for the general repair and service of automobiles for the public. The Ladners brought suit against Siegel seeking to restrain him from erecting and occupying the garage as a violation of the residential district use. The Ladners won this suit and secured their injunction. That cause became final.

Thereafter Siegel filed a declaratory judgment action asking the court to fix his rights in the conduct of the garage in case it was carried on in such a way as not to constitute a private nuisance. The court was presented with the question of determining a method by which Siegel would operate the garage, and then asked to determine whether or not such method of operation would be permitted in this residential district. The trial court entered a judgment setting out a method whereby the garage could be operated so as not to constitute a private nuisance.

On appeal the Supreme Court of Pennsylvania says the crucial question is "do the circumstances here disclosed give any jurisdiction to the court below to enter a declaratory judgment?"

The Court then quotes from the Declaratory Judgments Act which provides that courts of record "within their respective jurisdictions, shall have power to declare rights, status, and other legal relations" between parties where there is a real matter in controversy. (These are the identical provisions in our statute—Art. 2524-1.) The Court then says the Declaratory Judgments Act gives the court no power to grant advisory opinions, or to determine matters not essential to the decision of the actual controversy although such questions may in the future require adjudication, or passing upon contingent or certain other situations. The court then says:

"* * * In the present case, the question of whether the use of the garage as now contemplated would constitute an offensive business in the neighborhood, and a private nuisance, affecting not only complaints, but others residing near by, could not be determined until its actual operation at some future date."

And the Court further says:

"* * * If such a proceding [as sought] was to be countenanced, then approval would be given to applications in any like equity case to have a determination as to whether the court's order should be held ineffective, under stated facts depending on contingent and future events, with resulting confusion, and the decree would lack the finality which is contemplated in law. If petitioners believe the operation intended to be unobjectionable under the order made, they may proceed at their own risk. * * * 'Construction of a decree cannot be given until the question comes regularly before the court in proceedings requiring construction and application to acts alleged to have been done or omitted under it.' 21 C.J. 689."

To the same effect see Shattuck v. Shattuck, 1948, 67 Ariz. 122, 192 P. 2d 229 (18) ; Glassford v. Glassford, 1953, 79 Ariz. 220, 262 P. 2d 382 (3) ; National Biscuit Co. v. Kellogg Co., 1938 (Dist. Ct. Del.) 2 F. Supp. 801; J. Greenebaum Tanning Co. v. National Labor Relations Board (7th Cir.) 129 F. 2d 487 (2) ; 154 A.L.R. 740, et seq.

In the case of Southern Traffic Bureau v. Thompson, Texas Civ. App., 1950, 232 S.W. 2d 742, ref., n.r.e., it was said:

"The Uniform Declaratory Judgments Act does not provide for the giving of merely advisory opinions on the part of courts. In government this is a duty of the executive branch. In private

business it is the function of the legal profession. City and County of Denver v. Lynch, 92 Colo. 102, 18 P. 2d 907, 86 A.L.R. 907.

"It is further a well established rule that a declaratory judgment should not be based upon facts which are particularly subject to mutation and change as are the facts here. Anderson on Declaratory Judgments, p. 195, section 72."

A declaratory judgment rendered herein would not settle the controversy between the parties. The permanent injunction in Cause No. 1860 is still outstanding. A violation of that judgment is subject to be punished for contempt in a proper proceeding. It cannot be determined whether or not a proposed bottle will be violative of the injunction issued on June 3, 1952 until California Products seeks to market its product in a bottle in the same market with Puretex. Only in this way can it be determined whether the California Products' bottle is of the size and appearance that it misleads and deceives the buying public into believing that it is securing Puretex products rather than California products.

We agree with the Court of Civil Appeals that this proceeding is one in which an advisory opinion is sought. Should we decide that the bottle proposed to be used by California Products did violate the injunction, we would settle nothing. California could continue indefinitely to propose bottles of different sizes, shapes and colors on which it could seek an equally indefinite number of advisory opinions as to whether such bottles violate the injunction. Such procedure would accomplish nothing. California Products should propose a bottle which it thinks does not violate the injunction, use it and litigate the material issue on a contempt hearing.

We affirm the judgment of the Court of Civil Appeals.

Associate Justice Greenhill not sitting.

Opinion delivered March 23, 1960.

Rehearing overruled May 18, 1960.