440 S.W.2d 730 (1969)
Nathan SLINKER et al., Appellants,
v.
SUPERIOR INSURANCE COMPANY, Appellee.
No. 17255.
Court of Civil Appeals of Texas, Dallas.
April 11, 1969.
Rehearing Denied May 9, 1969.
*731 Wallace A. McLean, of Mitchell, Gilbert & McLean, Austin, for appellants.
Royal H. Brin, Jr., of Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.
BATEMAN, Justice.
Venue only is involved here. The appellee Superior Insurance Company sued for declaratory judgment against Marvin G. Hulsey, Julian Rogers, Nathan Slinker, Lois Slinker, Ellis Wayne Slinker and Nina Flanagan, alleging that it had issued its family automobile insurance policy to Rogers' father covering a certain automobile; that the said automobile, while driven by Marvin G. Hulsey with Julian Rogers in the car, collided with another automobile, which was driven by Ellis Wayne Slinker (son of Nathan and Lois Slinker) and also occupied by David, Danny and Nina Flanagan (children of Lois Slinker by a previous marriage); that Ellis Wayne Slinker and the three Flanagan children were injured, David and Danny Flanagan fatally, for which injuries and deaths claims have been asserted against plaintiff (appellee) on the premise that the said insurance policy obligated it to defend Hulsey and/or Julian Rogers and to pay any judgments against them or either of them growing out of the accident; but that appellee denied that it was so obligated because (1) Hulsey was not using the automobile with the permission of the named insured John Rogers, and (2) there had been a change of ownership of the automobile. Appellee prayed for judgment declaring that there was no coverage under the said policy of the accident in question, and consequently no duty to defend any suits for injuries or damages therefrom or to pay any judgments arising from any such suits.
Nathan, Lois and Ellis Wayne Slinker and Nina Flanagan filed a joint plea of privilege praying that the cause be transferred to Bexar County, Texas. The defendants Hulsey and Julian Rogers entered a general denial.
The appellee controverted the plea of privilege under Subdivisions 3 and 29a, of Art. 1995, Vernon's Ann.Civ.St.[*] The appeal is from the order overruling the pleas of privilege.
At the hearing it was stipulated that Ellis Wayne Slinker was a resident of Kentucky, and appellee a resident of Dallas County, on all dates controlling venue in the case. All essential facts were thus established to compel the overruling of Ellis Wayne Slinker's plea under Subdivision 3. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 764 (1956). This was conceded in oral argument.
It only remains, therefore, to determine whether Nathan and Lois Slinker and Nina Flanagan were necessary parties to appellee's suit against Ellis Wayne Slinker, within the meaning of Subdivision 29a, of Art. 1995. In our opinion, they were not.
One is said to be a necessary party when his joinder is "necessary to afford the plaintiff the full relief to which he is entitled in the suit" which can be maintained against another defendant under some subdivision of Article 1995, V.A.C.S., other than 29a. Ladner v. Reliance Corp., supra. A necessary party has also been defined as one "so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party." Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, 75 (1932).
It appears from the meager record before us that appellee has no cause of action *732 against Ellis Wayne Slinker for any of the relief sought and, while the existence of a cause of action is not an essential venue fact to maintain venue in Dallas County as against him under Subdivision 3, the joinder of the other appellants does not create a cause of action against him and they cannot, therefore, be considered as necessary parties. Appellee sought a judgment declaring that it was under no duty (1) to defend anyone who might be sued for damages because of the collision, or (2) pay the judgment in such suit.
As to the first declaration thus sought, this was a matter arising out of a contract between appellee and Julian Rogers' father. Appellants were not parties to that contract and disclaim any interest in the question of whether appellee is obligated to defend any suit they may bring. They do not care who, if anyone, defends it, and they certainly have no right to demand that appellee do so. Therefore, as to this phase of the matter there is no justiciable controversy between appellee and Ellis Wayne Slinker, and in the absence of a justiciable controversy relief by way of declaratory judgment is unavailable. Puretex Lemon Juice, Inc. v. California Products, Inc., 324 S.W.2d 449 (Tex.Civ.App., San Antonio 1959, affirmed California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780).
As to the question of whether appellee will owe a duty to pay any judgment which appellants may hereafter obtain, it is our opinion that appellee is asking the court to render merely an advisory opinion, which is not a function included in the powers given to the judicial branch of the government by the Constitution. District courts in Texas have no power under the Constitution to render such opinions, and the legislature was without power to confer that jurisdiction upon them by enactment of the Uniform Declaratory Judgments Act. This is the specific holding in the recent decision of the Supreme Court in Firemen's Ins. Co. of Newark, New Jersey v. Burch, 442 S.W.2d 331 (Tex.1968), where the facts were quite similar to the facts of this case. See also California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960); United Services Life Ins. Co. v. Delaney, 396 S.W.2d 855, 863 (Tex.1965); Douglas Oil Co. v. State, 124 Tex. 232, 76 S.W.2d 1043 (1934).
It is obvious from appellee's petition and the evidence introduced at the venue hearing that appellee is not entitled to such advisory opinion as against any of the appellants, and joining them together as co-defendants does not change this. Neither of them is a necessary party to such a suit against any of the others.
The judgment of the trial court, insofar as it overruled the plea of privilege of the appellant Ellis Wayne Slinker, is affirmed; and, insofar as it overrules the pleas of privilege of the appellants Nathan Slinker, Lois Slinker and Nina Flanagan, it is reversed with instructions to sustain those pleas of privilege and transfer the case, as to them, to a district court of Bexar County, Texas. Costs incurred to date are taxed, twenty-five per cent against Ellis Wayne Slinker and seventy-five per cent against appellee.
Affirmed in part and reversed in part with instructions.
NOTES
[*] Subdivision 4 was also invoked but later abandoned.