**SOUTHERN METHODIST UNIVERSITY, Appellant,**

v.

**TIMES HERALD PRINTING COMPANY and David Eden, Appellees.**

No. 05–86–00446–CV.

Court of Appeals of Texas, Dallas.

April 16, 1987.

Stan McMurray, Lori B. Finkelston, Dallas, for appellant.

Charles L. Babcock, Gerald C. Conley, Dallas, for appellees.

Before STEPHENS, ROWE and THOMAS, JJ.

ROWE, Justice.

In *Empire Life Insurance Co. v. Moody,* 584 S.W.2d 855, 858 (Tex.1979), the supreme court held that a counterclaim for declaratory relief presented a justiciable controversy when the right sought to be declared in the counterclaim had been

drawn into question by the opponent's action for declaratory judgment. In this appeal, we must decide whether a counterclaim in circumstances similar to those in *Moody* remains justiciable after the opposing party declares a nonsuit. We hold that it does not, at least in the context of the present litigation.

Although we do not reach a decision of the substantive question presented by these parties' dispute, a brief resume of the features of the statute in question is necessary. In the Open Records Act, the legislature designated as public information certain classes of records maintained by those entities which may be classified as a "government body" as that term is defined by the act. Tex.Rev.Civ.Stat.Ann. art. 6252–17a, §§ 2, 3 (Vernon Supp.1987). On application by any person, any governmental body must disclose the requested public information, and, if it fails to do so, the applicant may enforce the statutory right of access by suing for a writ of mandamus to compel disclosure. Tex.Rev.Civ.Stat. Ann. art. 6252–17a, § 8 (Vernon Supp. 1987).

Claiming that the Southwest Athletic Conference, an unincorporated association of major universities in Texas and Arkansas, was a governmental body for purposes of the Open Records Act, the *Dallas Times Herald* newspaper served the conference commissioner with a written request to inspect all correspondence possessed by the conference which concerned allegations that some of the conference's member universities had violated the rules of the National Collegiate Athletic Association regulating the recruitment of student athletes. The conference commissioner refused to honor the newspaper's demand; and the newspaper's publisher, Times Herald Printing Company, and its assistant sports editor, David Eden, sued the conference in an action seeking a declaration that the Open Records Act required the conference to divulge the correspondence and a writ of mandamus ordering the conference to do so.

Southern Methodist University, a member of the conference, filed a plea in intervention opposing the newspaper's attempt to disgorge this information and, in a counterclaim for declaratory judgment, sought a determination that the conference was not a "governmental body" to which the Open Records Act applied. The newspaper responded by amending its petition for writ of mandamus to eliminate any prayer for relief which, if granted, would require the disclosure of information concerning SMU. The newspaper then moved to strike the intervention of SMU on the ground that SMU no longer had standing to oppose the newspaper's attempts to compel disclosure of documents affecting other universities which were members of the conference. When the trial court denied this motion, the newspaper declared a nonsuit of its action against the conference and moved for the dismissal of SMU's counterclaim. Although it recognized that its election to declare a nonsuit could not *ipso facto* prejudice SMU's right to litigate its counterclaim, *see* Tex.R.Civ.P. 164, the newspaper argued that the counterclaim could not be entertained because it ceased to present a justiciable controversy when the suit to enforce the Open Records Act was abandoned. The trial court agreed and dismissed the counterclaim for want of jurisdiction.

 If the trial court correctly determined that the question presented by SMU's counterclaim was not yet ripe for adjudication—that is, "justiciable," its conclusion that it had no jurisdiction to declare the rights of the parties under the Open Records Act was undoubtedly correct. The existence of a justiciable controversy is an essential prerequisite to the trial court's jurisdiction. *See Firemen's Insurance Co. of Newark v. Burch*, 442 S.W.2d 331, 333 (Tex.1968); *Morrow v. Corbin*, 122 Tex. 553, 563, 62 S.W.2d 641, 646 (1933). Generally, a controversy is "justiciable" only if presented by hostile parties with conflicting personal stakes in the outcome of a real, immediate and concrete, rather than hypothetical, dispute concerning the parties' respective rights and duties. *See Bexar-Medina-Atascosa Water Control & Improvement District No. 1 v. Medina Lake Protection Association*, 640 S.W.2d

778, 779 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). Otherwise, litigants are seeking, in effect, advisory opinions requiring the court to apply the law to hypothetical facts which are not certain to occur. *See, e.g., Coalson v. City Council of Victoria,* 610 S.W.2d 744, 746–47 (Tex.1980) (when city council sought a declaratory judgment action to declare invalid a proposed amendment to the city charter before that amendment was adopted by the voters). It is, of course, well-settled that it is beyond the constitutional scope of the powers delegated to the judiciary to render legal opinions in such situations because they do not fulfill the judicial function of finally settling disputes. *See United Services Life Insurance Co. v. Delaney,* 396 S.W.2d 855, 861 (Tex.1965); *Morrow,* 62 S.W.2d at 646.

Unfortunately, there is no litmus test for distinguishing real, immediate, and concrete controversies, which are justiciable, from those which call for the rendition of prospective legal advice which will not necessarily resolve a dispute between the litigants. "[J]usticiability is ... not a concept with a fixed content or susceptible of scientific verifications." *Poe v. Ullman,* 367 U.S. 497, 508, 81 S.Ct. 1752, 1759, 6 L.Ed.2d 989 (1961). However, this fact is no impediment to the resolution of the dispositive issue in this appeal, which is the question of whether the fact that the newspaper had asserted a right under the Open Records Act and that the conference disputed that right means that the existence of this disagreement presents a real, concrete controversy in the absence of an attempt by the newspaper to enforce the alleged right by a suit for writ of mandamus.

In *California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960), the parties had previously entered into an agreed injunction that California Products Company would not market its product in packaging so similar to that of Puretex that consumers would be misled in choosing between them. California Products later designed a bottle in which it "expected" to market its products and, in an action for declaratory judgment, submitted the proposed design to the court for a determination of whether the design

was violative of the agreed injunction. The supreme court held that the declaratory judgment action failed to present a justiciable controversy because the bottle in question had not yet reached the same market in which the products of Puretex was available and that the case would not become justiciable until that event had occurred and Puretex sought to enforce the agreed injunction through proceedings for contempt. *Id.* at 592, 334 S.W.2d at 783. In other words, the case was hypothetical rather than justiciable because the court would have been required to assume that California Products would indeed market the bottle in question and that Puretex would regard the bottle as violative of the injunction.

The result reached in *California Products* is consistent with the analysis of Professor Tribe, who suggests that, "although declaratory judgments are not *per se* 'advisory,' those declaratory actions characterized by 'double contingency,' in that *both* the activity suggested *and* the reaction to it are merely hypothesized, are typically found nonjusticiable ... because the issues are not yet 'ripe for review.'" L. Tribe, *American Constitutional Law* 59 (1978). Just as the action of California Products was doubly contingent, so is that of SMU. Like the agreed injunction in *California Products,* the newspaper's demand under the Open Records Act and the conference's refusal creates the possibility that the conference may be in violation of a legal duty. However, to decide that question at this juncture would require the trial court to assume that the newspaper will again seek to enforce its ostensible right by writ of mandamus, that it would obtain the writ, that the conference would refuse to comply with the writ, and that the newspaper would seek to have the conference held in contempt for its failure to obey the court's order.

In light of the holding in *California Products* and Professor Tribe's "double contingency" analysis, we are not at liberty to say that SMU's counterclaim presents a controversy that is sufficiently noncontingent so as to be a "justiciable" case within

the jurisdiction of the trial court. Accordingly, we affirm the trial court's judgment of dismissal.