

NUMBER 13-09-00695-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE CITY OF VICTORIA,                                              Appellant,

v.

JAMES WAYNE,                                                      Appellee.

**On appeal from the 377th District Court
of Victoria County, Texas.**

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Garza

Appellant, the City of Victoria, Texas (the "City"), appeals the trial court's denial of

its plea to the jurisdiction in a declaratory judgment action filed by appellee, James Wayne.

By three issues, the City contends that the trial court lacks jurisdiction because: (1)

Wayne's requested relief "amounts to an advisory opinion"; (2) the City retained

governmental immunity because Wayne requested money damages; and (3) the City

retained governmental immunity because "the underlying purpose of [Wayne]'s suit is to

control government action." We affirm in part, reverse and remand in part, and reverse

and render in part.

## I. BACKGROUND

Wayne is the owner of fourteen different properties abutting North Laurent Street

in Victoria.[1]  According to Wayne's original petition, the City informed him that, in the process of making improvements to North Laurent Street, it would need to "severely alter [his] driveway and significantly restrict access to [his] property."  Specifically, the City intended to construct raised curbs on the sidewalks along North Laurent Street, including those along the length of Wayne's properties, in order to bring those curbs into conformity with the City's regulations.

Wayne filed suit against the City on September 22, 2009, seeking a declaration of his rights under an ordinance passed by the City Council of Victoria regarding the construction of driveways.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 2008) (providing, in part, that "[a] person . . . whose rights, status, or other legal relations are affected by a . . . municipal ordinance . . . may . . . obtain a declaration of rights, status or other legal relations thereunder" by filing a declaratory judgment action).  Wayne argued that his properties were protected by a "grandfather" clause in the ordinance providing that any driveway not conforming with the City's regulations but which "legally existed as a conforming driveway prior to January 1, 2000 shall be permitted to continue as a nonconforming driveway" until one of various conditions are met.  VICTORIA, TEX. CITY CODE ch. 20, art. VI, § 20-90 (1999), *available at* http://library.municode.com/HTML/10065/level3/ CCODE_C20_AVI.html#CCODE_C20_AVI_s20-90 (last visited Apr. 9, 2010).  In his first amended petition, filed on November 5, 2009, Wayne asked for declaratory relief, attorney's fees, and an order stating that the City must "comply with its ordinance and restore the access that existed prior to the street work made the subject of this suit."

After answering Wayne's suit, the City filed a plea to the jurisdiction in which it argued that its governmental immunity had not been waived and that, in any case, there

---

[1] Wayne's first amended petition listed the addresses of his various properties as: "1601 N. Laurent"; "1607 N. Laurent"; "1609-1611 N. Laurent"; "1801 N. Laurent"; "2202 N. Laurent"; "2403 N. Laurent"; "2505 N. Laurent"; "2509-2513 N. Laurent"; "2515-2525 N. Laurent"; "2608 N. Laurent"; "2801 N. Laurent"; "3602-3612 N. Laurent"; "1208-1241 Mockingbird (4801 N. Laurent)"; and "1302-1402 Mockingbird (4802 N. Laurent)."

2

was no live case or controversy that could be remedied by declaratory relief.[2] Specifically, the City asserted that Wayne "desires the City to expend tax-payer funds to deconstruct the alterations and put the ribbon-curbing back in along his property" and that the City is immune to such a request. The City further argued that Wayne's request for a declaratory judgment "is moot as the process [of constructing improvements along his properties] is complete." In support of the latter contention, the City attached an affidavit by Kenneth Gill, Victoria's City Engineer, stating that "[t]he Laurent Street Reconstruction Phase I (Business 59 to Airline Road) which includes the following properties . . . has been completed." The affidavit listed the addresses of the properties where the raised curb construction had been completed; the list included all but three of the fourteen properties owned by Wayne according to the list included in his first amended petition.[3]

A hearing was set for December 14, 2009, at which both the plea to the jurisdiction and the merits of Wayne's declaratory judgment action were to be considered. At the hearing, the trial court denied the City's plea. The City then immediately filed its notice of interlocutory appeal, which effected a stay of all trial court proceedings.[4] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8), (b) (Vernon 2008) (permitting appeal of an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit and providing that such an appeal stays all proceedings in the trial court pending resolution

---

[2] In its plea to the jurisdiction, the City also devoted much argument to the merits of Wayne's declaratory judgment action. Specifically, the City asserted that, under the Victoria City Charter, it has "exclusive authority to regulate roadways, sidewalks, and driveway improvements," and for that reason, Wayne cannot rely on the ordinance to prohibit the City from reconstructing the curbs along his properties. We do not address the merits of Wayne's suit here. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000).

[3] Gill stated that "Laurent Street Reconstruction Phase I" covered properties with the following addresses: "1601 N Laurent; 1607 N Laurent; 1609-1611 N Laurent; 1801 N Laurent; 2202 N Laurent; 2403 N Laurent; 2505 N Laurent; 2509-2513 N Laurent; 2515-2525 N Laurent; 2608 N Laurent; and 2801 N Laurent." The three properties purportedly owned by Wayne but not listed by Gill in his affidavit are: "3602-3612 N. Laurent"; "1208-1241 Mockingbird (4801 N. Laurent)"; and "1302-1402 Mockingbird (4802 N. Laurent)."

[4] Wayne filed a second amended petition on December 14, 2009, after the trial court denied the City's plea to the jurisdiction and after the City filed its notice of interlocutory appeal. Because the City's notice of interlocutory appeal effectuated a stay of all trial court proceedings, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (Vernon 2008), we do not consider Wayne's second amended petition in resolving this appeal. Instead, we consider only Wayne's first amended petition, which was the live pleading at the time of the trial court's December 14, 2009 judgment.

of the appeal).

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the asserted claims have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.–Fort Worth 2003, pet. denied). We assume the truth of the jurisdictional facts alleged in the pleadings unless the defendant presents evidence to negate their existence. *Miranda*, 133 S.W.3d at 227 (citing *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555). If a plea to the jurisdiction challenges the jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2008) (citing *Miranda*, 133 S.W.3d at 227); *see Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. If that evidence creates a fact issue as to jurisdiction, then it is for the fact-finder to decide. *City of Waco*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227-28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228. After the defendant "asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.* This standard "generally mirrors" that of a traditional motion for summary judgment. *Id.* When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea

4

that implicates the merits of the case, we take as true all evidence favorable to the non-movant. *Id.*; *see County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We do not "weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *Brown*, 80 S.W.3d at 555.

### III. ANALYSIS

### A. Governmental Immunity

We first address the City's second and third issues, in which it argues that it is entitled to governmental immunity because: (1) Wayne requested money damages, and (2) "the underlying purpose of [Wayne]'s suit is to control government action."

In general, the City, as a subdivision of the State, is entitled to governmental immunity from suit and may only be sued to the extent that its immunity has been waived. *See, e.g., Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). However, the doctrine of governmental immunity is not applicable to certain requests for declaratory relief filed pursuant to the Uniform Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (Vernon 2008); *see also Tex. Highway Comm'n v. Tex. Ass'n of Steel Importers, Inc.*, 372 S.W.2d 525, 530 (Tex. 1963) (holding that legislative consent was not required for a declaratory judgment suit against the Highway Commission to determine the parties' rights); *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (Tex. 1945) (holding that legislative consent was not required for declaratory judgment suit against the State Comptroller to determine the parties' rights under a taxation statute). Specifically, private parties may seek declaratory relief against governmental entities who allegedly act without legal or statutory authority. *IT-Davy*, 74 S.W.3d at 855. This type of declaratory judgment action simply seeks to compel state officers to act within their official capacity and does not attempt to subject the State to liability, so immunity is not applicable. *Id.* On the other hand, declaratory judgment actions against state officials seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities are considered suits against the State and may not be imposed without explicit legislative permission. *Id.*; *W.D. Haden Co. v. Dodgen*, 158 Tex. 74, 308

5

S.W. 2d 838, 840 (Tex. 1958).

Wayne's first amended petition contained a prayer for the following relief:

1.   The Court enter declaratory judgment regarding the ordinance which is the subject matter of this suit.

2.   The Court enter declaratory judgment that Plaintiff's driveway[], in the words of the ordinance, "legally existed as a conforming driveway" on January 1, 2000.

3.   Defendant be ordered to comply with its ordinance and restore the access that existed prior to the street work made the subject of this suit.

4.   Reasonable attorney's fees for trial and appeal as pleaded.

5.   Such other and further relief to which Plaintiff may be justly entitled.

In its plea to the jurisdiction, the City argued that Wayne's "request for damages in the form of requiring the reconstruction [again] of the sidewalks is barred by sovereign immunity as it requires the expenditures of tax-payer funds." (Brackets in original.) We agree that Wayne's request that the City to "be ordered to . . . restore the access that existed prior to the street work" is akin to a request to "enforce performance under a contract" and is therefore barred by governmental immunity because it seeks to impose liability on the City. *See IT-Davy*, 74 S.W.3d at 855. On the other hand, Wayne's remaining requests merely seek to compel the City to act within its official capacity—that is, in accordance with the ordinance at issue—and do not attempt to subject the City to liability. Accordingly, governmental immunity is inapplicable to those requests. *See id.* Moreover, the Texas Supreme Court has found that governmental immunity is waived with respect to requests for attorney's fees by private parties in declaratory judgment actions against governmental entities. *See Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) ("We conclude that by authorizing declaratory judgment actions to construe the legislative enactments of governmental entities and authorizing awards of attorney fees, the [Declaratory Judgments Act] necessarily waives governmental immunity for such awards.") (construing Tex. Civ. Prac. & Rem. Code Ann. § 37.009). Immunity therefore does not bar the trial court from exercising jurisdiction over Wayne's request for attorney's

6

fees.

We conclude that the trial court lacks jurisdiction over Wayne's request that the City "be ordered to comply with its ordinance and restore the access that existed prior to the street work made the subject of this suit." However, because Wayne's petition does not "affirmatively demonstrate incurable defects in jurisdiction," the trial court should allow Wayne to amend his pleadings to omit this request.[5] *See Miranda*, 133 S.W.3d at 226-27 (citing *Brown*, 80 S.W.3d at 555) ("If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend."). We sustain in part and overrule in part the City's second and third issues.

## B.    Advisory Opinion

By its first issue, the City contends that the trial court lacked jurisdiction over Wayne's claims because the relief Wayne requests only "amounts to an advisory opinion." Texas courts have no jurisdiction to render advisory opinions, which are opinions that decide abstract questions of law without binding the parties. *Tex. Ass'n of Bus.*, 852 S.W.2d at 444 (citing *Ala. State Fed'n of Labor v. McAdory*, 325 U.S. 450, 461 (1945); *Firemen's Ins. Co. v. Burch*, 442 S.W.2d 331, 333 (Tex. 1969); *Cal. Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 591, 334 S.W.2d 780, 783 (1960)). "A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

The City notes that the only evidence produced as to the jurisdictional issue was Gill's affidavit, in which he states that the "Laurent Street Reconstruction Phase I . . . has been completed." The City also notes that Wayne did not produce any evidence in

---

[5] We note that Wayne's second amended petition, filed subsequent to the trial court's judgment in this case and not considered in this appeal, *see supra* n.4, omitted his request that the City "be ordered to comply with its ordinance and restore the access that existed prior to the street work made the subject of this suit."

7

response to Gill's affidavit. Because of this, according to the City, the trial court was compelled to: (1) accept Gill's assertions as fact; (2) conclude that all construction on Wayne's properties had been completed; and (3) conclude, therefore, that any relief granted to Wayne would amount to an impermissible advisory opinion.

Wayne did not seek an injunction or restraining order to prevent the City's construction of improvements along his properties while his suit was pending. Moreover, Wayne did not produce any evidence to controvert Gill's affidavit stating that "Laurent Street Reconstruction Phase I" had been completed. Because this evidence was uncontested, we must conclude as a matter of law that the trial court lacked jurisdiction over Wayne's suit as it relates to the properties named in Gill's affidavit as being part of "Laurent Street Reconstruction Phase I." *See Miranda*, 133 S.W.3d at 228. Any declaratory judgment rendered as to these properties would serve merely to decide an abstract question of law, without binding the parties. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 444. The trial court therefore erred in denying the City's plea to the jurisdiction with respect to these properties.

Gill's affidavit, however, did not name all of Wayne's properties as having been part of "Laurent Street Reconstruction Phase I." Specifically, Gill's affidavit omitted the properties located at 3602-3612, 4801, and 4802 North Laurent Street, which Wayne included in his list of owned properties in his first amended petition. The City did not produce any other evidence establishing that the construction activities at these properties were complete. In the absence of any such evidence, we must accept as true the factual allegations made in Wayne's pleadings that he is the owner of those properties and that the City intends to perform work on those properties. *See Miranda*, 133 S.W.3d (citing *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555). We therefore conclude that Wayne's requested declaratory relief as to these properties would not amount to a mere advisory opinion; instead, such a declaration would resolve a justiciable controversy as to the rights and status of the parties under the ordinance. *See Bonham State Bank*, 907 S.W.2d at 467. Accordingly, the trial court did not err in denying the City's plea on this basis.

8

We note that the City additionally argues that it was entitled to dismissal because "the only evidence presented to the trial court was that no driveways were involved; lay-down curbing was converted to raised curbing and the project was complete." In support of this argument, the City points to remarks by the trial court at the December 14, 2009 hearing, noting that a key issue in the underlying declaratory judgment suit was whether or not the construction at issue involved driveways or public rights-of-way. Addressing the City's attorney, the trial court surmised that "if it's a curb, you get to do it back how you want it. If it's a driveway, you've got to put it back how [Wayne] wants it." We disagree with the City's argument here, because the issue of whether the construction involved driveways or public rights-of-way does not implicate the trial court's subject matter jurisdiction; rather, it goes to the merits of Wayne's declaratory judgment action.[6] In determining the jurisdictional issue, we consider relevant evidence where that evidence may implicate the merits of the cause of action, *see City of Waco*, 298 S.W.3d at 622 (citing *Miranda*, 133 S.W.3d at 227), but we do not consider evidence that exclusively addresses the merits. *See Brown*, 80 S.W.3d at 555; *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555 ("The court should, of course, confine itself to the evidence relevant to the jurisdictional issue.").

The City's first issue is sustained in part and overruled in part.

## IV. CONCLUSION

We reverse the trial court's judgment as it relates to that portion of Wayne's suit regarding the properties located at the following addresses: 1601, 1607, 1609-1611, 1801, 2202, 2403, 2505, 2509-2513, 2515-2525, 2608 and 2801 North Laurent Street. We render judgment granting the City's plea to the jurisdiction and dismissing the cause as it relates to those properties.

Further, we reverse the trial court's judgment as it relates to Wayne's request that

---

[6] We note also that the evidence on this issue was not as clear as the City suggests. Gill's affidavit stated: "The Laurent Street Reconstruction Phase I did not deal specifically with drive way [sic] although driveways were part of the reconstruction project." This statement alone could have raised a fact issue as to whether the construction project involved "driveways" on Wayne's properties.

9

the City "be ordered to comply with its ordinance and restore the access that existed prior to the street work made the subject of this suit." We remand to the trial court with instructions to allow Wayne to replead and for further proceedings consistent with this opinion.

We affirm the remainder of the trial court's judgment denying the City's plea to the jurisdiction.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
15th day of April, 2010.