# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00176-CV

**LHR Enterprises, Inc.; Task Services, Inc.; Business Staffing, Inc.; Harry Sewill; Rick Chapman; and Transglobal Mortgage, Inc., Appellants**

**v.**

**Mike Geeslin, in His Official Capacity as Commissioner of Insurance for the State of Texas; Texas Department of Insurance; and State Office of Administrative Hearings for the State of Texas, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. GN402881, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The procedural history of this case is complicated by its relationship to another case before the Department of Insurance ("Department"). Although we will discuss the various proceedings in more detail later in the opinion, we will briefly summarize the proceedings here. The Commissioner of Insurance became concerned that LHR Enterprises, Inc.; Transglobal Mortgage, Inc.; Business Staffing, Inc.; Task Services, Inc.; Rick Chapman; and Harry Sewill (cumulatively "the appellants") were engaged in the unauthorized practice of insurance and referred the matter to the State Office of Administrative Hearings ("SOAH"). In response, the appellants filed a declaratory-judgment action in district court seeking declarations that the Commissioner did not have the authority to refer the matter for a hearing before SOAH. Shortly thereafter, the Commissioner

and the Department filed a plea to the jurisdiction contending that the district court did not have jurisdiction over the case because the appellants had failed to show a valid waiver of sovereign immunity. The district court granted the plea, and the appellants appealed the judgment of the district court. We will dismiss this case for want of subject-matter jurisdiction.

## BACKGROUND

**Proceedings Before SOAH**

The case presently before us is related to another case involving the appeal of an administrative order. Because it is helpful in explaining the outcome of this appeal, we will briefly review some of the facts of the related case.

In 2004, the staff of the Department of Insurance ("Staff") became concerned that several companies and individuals, including the appellants, were engaged in the unauthorized business of insurance. *See* Tex. Ins. Code Ann. §§ 101.051 (specifying what constitutes business of insurance), .102 (prohibiting unauthorized business of insurance) (West Supp. 2006). In particular, the Staff believed that the appellants and others were improperly engaged in the business of providing various companies' employees with workers' compensation insurance coverage.

After formalizing their concerns, the Staff filed a report with the Commissioner that detailed the allegations against the appellants and others. The report also contained the Staff's recommendation that the Commissioner order that all the parties investigated (1) be held jointly and severally liable for any unpaid workers' compensation claims, (2) pay monetary penalties, and (3) cease practicing the business of insurance in Texas. *See id.* §§ 84.041 (providing that if Staff

2

determines that insurance violations have occurred, they have the authority to file report with Commissioner that specifies facts forming basis of their conclusion and also specifies any penalty that they feel should be imposed), .021 (West Supp. 2006) (authorizing Commissioner to impose penalty on individual who violates insurance law, rule, or order).

In July 2004, the Commissioner referred the matter to SOAH for a contested-case hearing to determine whether the appellants and others had engaged in the unauthorized business of insurance and whether a cease-and-desist order prohibiting the parties from engaging in the allegedly improper actions should be issued. *See, e.g.*, *id.* §§ 31.021(a) (requiring Commissioner to "administer and enforce" insurance code), 40.002 (requiring SOAH to conduct hearing when required under insurance code), 101.151 (West Supp. 2006) (authorizing Commissioner to set hearing to determine whether cease-and-desist order should be imposed if, among other things, Commissioner has reason to believe that individual has violated insurance provision or rule).

During the proceedings, the investigated parties, including the appellants, filed pleas to the jurisdiction and a motion for summary disposition. The administrative law judge overseeing the case denied the motions, and the investigated parties appealed the administrative law judge's ruling to the Commissioner. The Commissioner denied the appeal. Subsequently, a hearing was scheduled before SOAH.

**Declaratory-Judgment Action**

Soon after the Commissioner requested a hearing before SOAH, the appellants filed a petition for declaratory relief in the district court. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2006) (Uniform Declaratory Judgments Act). The propriety

of the district court's judgment is the subject of this appeal.

In their petition, the appellants sought, among other things, a declaration that the Commissioner did not have the authority to require a hearing before SOAH. Specifically, they sought a declaration that the Commissioner has no authority to require a hearing or impose administrative penalties on individuals that are neither licensed to engage in the business of insurance nor regulated by the insurance code. *See* Tex. Ins. Code Ann. § 84.021 (West Supp. 2006) (authorizing Commissioner to impose administrative penalties on individuals who are "licensed or regulated" under insurance code or another Texas insurance law).

In addition, the appellants also sought a declaration that the Commissioner may not refer a matter to SOAH for a determination of whether a cease-and-desist order should be issued to stop an individual from engaging in certain activities when the statutory time for requesting a hearing has expired. *See id.* §§ 101.151(a) (authorizing Commissioner to set hearing concerning issuance of cease-and-desist order and specifying that Commissioner is required to provide notice of hearing), .152 (providing that unless parties agree otherwise, hearing must be held "not earlier than the fifth day or later than the 30th day after" notice was given), .153 (West Supp. 2006) (allowing Commissioner to issue cease-and-desist order after hearing has been held).

In response to the appellants' petition, the Commissioner and the Department filed a plea to the jurisdiction. In their plea, they argued that because this case is essentially a suit against state agencies, the appellants had the burden of proving a waiver of sovereign immunity. Further, the Commissioner and the Department contended that because the appellants failed to plead and prove a waiver, the district court did not have jurisdiction over the appellants' claims.

4

Ultimately, the district court granted the plea to the jurisdiction, and the appellants appeal the district court's judgment.

**DISCUSSION**

The appellants raise three issues on appeal. First, they argue that the district court erred when it granted the plea to the jurisdiction. Specifically, they contend that their suit does not implicate sovereign immunity because it seeks declaratory and injunctive relief against state officials acting beyond their statutory authority. *See Texas Natural Res. Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) (explaining that "[p]rivate parties may seek declaratory relief against state officials who allegedly act without legal or statutory authority" but that "such suits are not 'suits against the State' . . . because suits to compel state officers to act within their official capacity do not attempt to subject the State to liability" and, therefore, "do not implicate the sovereign-immunity doctrine" (citation omitted)). Second, the appellants argue that the district court erred by failing to declare that the Commissioner does not have the authority to impose administrative penalties on individuals who are not licensed or regulated under the provisions of the insurance code. Finally, the appellants insist that the district court erred when it failed to declare that the Commissioner may not refer a matter to SOAH for a hearing if the referral is not made within the time allowed by statute.

After the appellants filed this appeal, the SOAH hearing for determining whether the appellants and the other investigated parties had engaged in the unauthorized practice of insurance was held. After the hearing concluded, the Commissioner issued a final order, which specified that none of the appellants had violated any insurance provision or regulation and that, accordingly, no sanction or penalty should be imposed upon them. Shortly thereafter, the Commissioner and the

5

Department filed a motion to dismiss this appeal.[1]  In their motion, the Commissioner and the Department argue that because a final order has been issued absolving the appellants of any wrongdoing, this Court no longer has subject-matter jurisdiction over the appellants' declaratory claims.  Because our resolution of the motion to dismiss is dispositive of this appeal, we will now turn to the various arguments made by the parties regarding the motion to dismiss.

The appellants seek relief under the Uniform Declaratory Judgment Act.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.001-.011.  The Act allows an individual "whose rights, status, or other legal relations are affected by a statute" to "have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder."  *Id.* § 37.04(a) (West 1997).  In this case, the appellants seek declarations concerning the authority of the Commissioner.  This Court has previously recognized that individuals may request declaratory relief regarding whether state agencies or officers have acted beyond their statutory authorities.  *See, e.g.*, *Texas Dep't of Ins., Div. of Workers' Comp. v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870, 874-75 (Tex. App.—Austin 2006, pet. denied) (holding that claimant may seek declaration that agency's issuance of advisories was outside agency's statutory authority).  However, while individuals may employ the Act to challenge actions as beyond an agency's or officer's authority, a court must still have subject-matter jurisdiction over the case before it may properly issue a declaration.  Subject-matter jurisdiction may be considered for the first time on appeal, and appellate courts may raise that issue on their own accord.  *See*

---

[1] As part of their motion to dismiss, the Commissioner and the Department attached a copy of the final order.

6

*Aguilar v. Weber,* 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.). The Act does not expand

the scope of a trial court's subject-matter jurisdiction but merely authorizes a court "to declare rights,

status, and other legal relations" when subject-matter jurisdiction is already present. *See* Tex. Civ.

Prac. & Rem. Code Ann. § 37.003(a) (West 1997) (court may act "within its jurisdiction");

*Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). Although the Act

does not expand the jurisdiction of a trial court, "[a] suit under the [Act] is not confined to cases in

which the parties have a cause of action apart from the Act itself." *Texas Dep't of Pub. Safety

v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.).

In order for a court to have jurisdiction to consider a declaratory-judgment action,

there must be a "justiciable controversy as to the rights and status of" the parties, and the requested

declaration "must actually resolve the controversy." *Brooks v. Northglen Ass'n*, 141 S.W.3d 158,

163-64 (Tex. 2004). "A justiciable controversy is one in which a real and substantial controversy

exists involving a genuine conflict of tangible interests and not merely a theoretical dispute." *Moore*,

985 S.W.2d at 153; *see also City of Euless v. Dallas/Fort Worth Int'l Airport Bd.*, 936 S.W.2d 699,

703 (Tex. App.—Dallas 1996, writ denied) (explaining that if there is no actual controversy between

parties, declaratory judgment is improper). However, a person seeking declaratory relief need not

have yet incurred an actual injury of the sort for which consequential relief might be granted. *See

Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 88 (Tex. App.—Austin 2004,

pet. denied). Instead, the Act is intended to provide a means to determine, before any wrong has

actually occurred, the rights of parties when a controversy has arisen and is remedial in nature. *Id.*

The need for a justiciable controversy is related to the jurisdictional concepts of

7

standing and ripeness and does not supersede these concepts. *See Texas Dep't of Ins v. Reconveyance Servs., Inc.*, No. 03-06-00313-CV, ___ S.W.3d ___, ___, 2007 Tex. App. LEXIS 7262, at *38 (Tex. App.—Austin Aug. 31, 2007, no pet. h.). Ripeness is a necessary component of subject-matter jurisdiction, *Atmos Energy Corp. v. Abbott*, 127 S.W.3d 852, 857 (Tex. App.—Austin 2004, no pet.), and concerns when a claim may be made, *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998). The requirement that a claim be ripe for review is based on the prohibition against issuing advisory opinions. *Id.*; *see also* Tex. Const. art. II, § 1 (separation of powers); *Northglen Ass'n*, 141 S.W.3d at 164 (explaining that separation of powers provision bars issuance of advisory opinions). A claim is ripe if the facts involved demonstrate that "an injury has occurred or is likely to occur." *Patterson*, 971 S.W.2d at 442; *see also City of Waco v. Texas Natural Res. Comm'n*, 83 S.W.3d 169, 175 (Tex. App.—Austin 2002, pet. denied) ("In determining whether a cause is ripe for judicial consideration, we look to see if the facts have sufficiently developed to show that an injury has occurred, or is likely to occur"). In other words, there must be a concrete injury for the claim to be ripe. *See Atmos Energy Corp.*, 127 S.W.3d at 858. A claim is not ripe if it is based on hypothetical or contingent facts that may not occur as anticipated or may not occur at all. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000).

In this case, there is no concrete dispute to resolve. The appellants pled the following, relevant jurisdictional facts as the basis for their suit:

> On June 24, 2004, pursuant to section 84.041 of the insurance code, the Staff delivered to the Commissioner a report "in which it alleged that these Plaintiffs engaged in activities in the State of Texas in violation of the Texas Insurance Code, and recommended that administrative penalties be assessed against them in the aggregate amount of $2,000,000."

"[T]he Staff, on July 16, 2004, filed with SOAH and served on these Plaintiffs a Notice of Hearing, thereby initiating a contested case . . . [which] was assigned Docket No. 454–4-75940H."

The pleadings then recount that the appellants filed a plea to the jurisdiction and general denial in the SOAH proceeding, that the Staff filed a response asserting various statutory bases for jurisdiction, that the administrative law judge denied the appellant's plea to the jurisdiction and summary disposition motion, and that they appealed the decision to the Commissioner, who upheld it.

The appellants pled that they "have not and will not voluntarily subject themselves to the [Department]'s jurisdiction" and sought a declaration that "the Commissioner as a matter of law does not have jurisdiction over the Plaintiffs to take the action contemplated by the July 16, 2004 Notice of Hearing."

Subsequently, as previously discussed, the Commissioner issued a final order in the complained-of contested-case proceeding. The Commissioner's order concluded that none of the appellants were engaged in the unauthorized practice of insurance or had violated any insurance provisions or regulations and that, therefore, no penalty should be imposed upon the appellants. As the State argues, these developments resolve the controversy on which Appellants' suit is based, i.e., the subject matter of the July 16, 2004 Notice of Hearing has been resolved in Appellants' favor.

Appellants nonetheless urge that a justiciable controversy remains because the Commissioner's order states a conclusion of law that, "Under Tex. Ins. Code § 84.021, the Commission may impose an administrative penalty on a person, including an entity, that is licensed or regulated under and who violates the Insurance Code or rules adopted or orders issued thereunder." However, absent another impending hearing or other action by the Department adversely impacting the appellants in some concrete way, the Commissioner's legal conclusion amounts to a bare, abstract statement of legal opinion, and any judicial determination regarding the

9

conclusion would necessarily be no more than a mere abstract advisory opinion. *Cf. Waco Indep. Sch. Dist.*, 22 S.W.3d at 852 (explaining that "ripeness doctrine allows courts to avoid premature adjudication, and serves the constitutional interests in prohibiting advisory opinions").

We conclude that we do not have subject-matter jurisdiction over this appeal and, therefore, grant the Commissioner and the Department's motion to dismiss the case. *See* Tex. R. App. P. 43.2 (explaining that one of permissible types of appellate judgments is to dismiss appeal); *South Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 308 (Tex. 2007) (dismissing case after determining court did not have subject-matter jurisdiction over case).

---

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Dismissed on Appellees' Motion

Filed: November 7, 2007